NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 6, 2019

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2429

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for GSAA Home Equity Trust 2006-18, Asset-Backed Certificates, Series 2006-18, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee,* | No. 13-CV-2599 |
| *v.* | **Virginia M. Kendall**, *Judge.* |
| TRACY CORNISH, *Defendant-Appellant.* | |

## O R D E R

This is an appeal from a judgment foreclosing the mortgage on defendant Tracy Cornish's home and confirming the sale of that home in a court-ordered auction. On July 16, 2018, this court granted Cornish's motion to stay the district court's judgment and thus delayed the turnover of the residence to the buyer, which was plaintiff Deutsche Bank itself. That order said an explanation would follow. This is the explanation, though our thinking has evolved based on amendments to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8 that took effect on December 1, 2018.

At issue is how we should apply those rules to appeals of mortgage foreclosure judgments in the wake of a recent change in our circuit's law affecting those appeals. In *HSBC Bank, U.S.A., N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015), we held that in mortgage foreclosures in federal courts in Illinois, there is no final appealable judgment until the district court has not only foreclosed the mortgage but also ordered a judicial sale of the property and later confirmed the results of the sale and ordered turnover of the property. See also *Bank of America, N.A. v. Martinson*, 828 F.3d 532 (7th Cir. 2016) (extending *Townsend* to mortgage foreclosures under Wisconsin law). *Townsend* means that the borrower's first opportunity to appeal the merits of the underlying debt and any affirmative defenses comes only after the district court has confirmed the sale. At that point, eviction is imminent.

The practical question we address here is whether a stay should depend on a quick evaluation of the likely merits of the appeal, where the parties, lawyers, and judges must act under the time pressure of a 30-day eviction deadline, or whether we should allow normal appellate processes to work as they would in most other cases to enforce debts where the lender's interest is protected by security. We recognize as a practical matter that most mortgage foreclosures are likely to be affirmed. But that is also true of most commercial debt judgments, and of most civil judgments generally, for that matter. That practical reality does not mean that courts need to change the process to force at the outset a rushed evaluation of the likely merits of the appeal. There is still plenty of room for human and legal error in mortgage foreclosures, especially in this age of high-volume securitized mortgages that may have changed hands many times, for servicing and ownership, before foreclosure. A majority of this panel believes the norm should be a stay pending appeal, absent unusual circumstances.[1]

We issued the stay under the relevant rules in effect in July 2018, but we address here also the new 2018 versions of Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a) that took effect on December 1, 2018. Under the new versions of those rules, we conclude, at least provisionally, that stays pending appeal should be the norm in mortgage foreclosure appeals.[2]

---

[1] See, e.g., *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 681–84 (7th Cir. 2011) (describing "maddening" problems borrowers experienced as mortgage servicers made mistakes in transferring borrowers' account); *Sundquist v. Bank of America, N.A.*, 566 B.R. 563, 570 (Bankr. E.D. Calif. 2017) (recounting nightmarish experience of homeowners and awarding damages for foreclosure actions taken in violation of bankruptcy stay: "Franz Kafka lives. This automatic stay violation case reveals that he works at Bank of America."), damage award vacated as part of settlement, 580 B.R. 536 (Bankr. E.D. Calif. 2018); *Fresh Outrage for Wells Fargo After Mortgage Error Led to Hundreds of Foreclosures*, Chicago Tribune (Aug. 7, 2018); *Flawed Paperwork Aggravates a Foreclosure Crisis*, New York Times (Oct. 3, 2010).

[2] We say "provisionally" because these issues have not yet been the subject of full adversarial

The lender has the security it bargained for—its interest in the property—to protect its interests during the appeal. Without a stay, on the other hand, the typical residential borrower will suffer irreparable damage (eviction from the home) during the appeal. As noted by the advisory committee on the new Rule 62 amendments, however, a district court or appellate court has sufficient power to protect appellees, as well. The advisory note explains that a court may dissolve a stay in unusual circumstances, such as "a risk that the judgment debtor's assets will be dissipated." The lender in this case has not shown, at least not yet, that there is such a risk here, as might be the case if insurance or property taxes were not paid or if the property were abandoned or being neglected. The lender-appellee has the security it bargained for, and the appeal should proceed in the ordinary course.

I.   *Factual and Procedural Background*

To explain the background of this case, the district court's judgment came after a long series of judicial proceedings involving plaintiff Cornish's home and mortgage. In May 2006, Cornish obtained a mortgage to buy a home in Flossmoor, Illinois. In 2007, the mortgage was assigned to Avelo Mortgage, which filed a foreclosure action in state court. In August 2008, that case was dismissed by agreement of the parties. In October 2008, Avelo again sought foreclosure. The state court dismissed the case for want of prosecution in September 2010.

In January 2013, Avelo assigned Cornish's mortgage to Deutsche Bank, the plaintiff and appellee in this case. In April 2013, Deutsche Bank filed this case in federal court to foreclose on the mortgage. Cornish moved to dismiss the case because she thought the state foreclosure suit was still pending. The district court instead held that the federal suit was barred by res judicata, holding that the dismissal of Avelo's 2008 foreclosure action constituted a final judgment under state law because the lender did not refile its suit within one year or the remaining period allowed by the statute of limitations.

Deutsche Bank moved for reconsideration, arguing that the statute of limitations had not yet run. The district court agreed and reinstated the case. In April 2016, the district court granted Deutsche Bank's motion for summary judgment on the merits and held that the bank was entitled to foreclosure.

Cornish appealed from the summary judgment order. We dismissed the appeal because the district court's order was not a final appealable order under *HSBC Bank, U.S.A., N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015) (dismissing appeal of district court

---

presentation. That situation is not unusual with motions we must decide, and yet we must decide them as best we can. We signal here our willingness to reconsider our thinking, particularly if and when we have the benefit of briefing by counsel on both sides.

order foreclosing Illinois mortgage and ordering the United States Marshal to sell property at auction; no final judgment until sale had been conducted and district court had confirmed sale).

In December 2017, the district court entered a judgment foreclosing the mortgage on Cornish's home and ordering a special commissioner to conduct a public sale of property. Cornish appealed again. Again we dismissed, holding under *Townsend* that the order of foreclosure and judicial sale was still not a final appealable judgment. A sale was conducted, and on June 29, 2018, the district court entered an order approving the sale to Deutsche Bank itself. Under *Townsend*, that order was the appealable final judgment in this case, and Cornish filed this appeal. Her appeal of that final judgment allows her to raise any issues in the case, including the validity and amount of her debt, her theories of defense based on the earlier state-court litigation, the relative priorities of the claims against her and the property, and the propriety of the sale.[3]

Cornish asked the district court to stay its judgment requiring her to give up possession of the property pending her appeal. The district court denied the motion.

Cornish renewed her motion for stay in this court. She argued that she is likely to succeed on appeal because the final judgment in the state court foreclosure action deprived the district court of jurisdiction. She also argued she will suffer irreparable harm without a stay because her family will be homeless.

II.  *Analysis*

Stays pending appeal are governed by Federal Rule of Civil Procedure 62, which works in coordination with Federal Rule of Appellate Procedure 8(a). Material amendments to Rule 62, and conforming amendments to Rule 8(a), took effect on

---

[3]  By contrast, in jurisdictions where the judgment of foreclosure is immediately appealable as the final judgment on the merits (D owes P the sum of X dollars, and the property is available to execute the judgment), an appellate court hearing a later challenge to the order confirming the post-judgment sale should demand much more to justify a stay pending appeal of that order. In such processes, the post-judgment appeal is usually limited to the manner of execution; the merits of the underlying judgment are deemed to have been finally resolved. See, e.g., *Citibank, N.A. v. Data Lease Financial Corp.*, 645 F.2d 333, 337–38 (5th Cir. 1981) (failure to appeal foreclosure order bars ability to challenge merits of that order in appeal of later order confirming sale); *Central Trust Co. of New York v. Peoria, Decatur & Evansville Ry. Co.*, 118 F. 30, 32 (7th Cir. 1902) (appeal from order confirming sale could not challenge merits of underlying foreclosure); see also *Leadville Coal Co. v. McCreery*, 141 U.S. 475, 478–79 (1891) ("[W]e cannot fail to observe that the main scope and purpose of this appeal seem to be to relitigate questions fully determined by the final decree appealed from and affirmed."); *Whiting v. Bank of United States*, 38 U.S. (13 Pet.) 6, 14–15 (1839) (holding that decree ordering foreclosure and sale was "final decree," that later sale and confirmation were "a mere mode of enforcing the rights of the creditor," and that appeal from later sale and confirmation was too late to challenge underlying foreclosure).

December 1, 2018. The amendments have clarified the law for purposes of this case and made its application simpler and more flexible. We explain our thinking first under the 2017 versions and then under the 2018 versions.

A.  *The 2017 Versions of Rules 62 and 8*

The judgment foreclosing the mortgage, approving the sale, and ordering Cornish to give up possession of the property has several injunctive elements. Rule 62(c) (2017) provided that a district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Rule 62(g) (2017) made clear that the rule did not limit the power of an appellate court to suspend, modify, restore, or grant an injunction pending appeal or to preserve the status quo pending appeal.

The injunctive aspects of a full, final foreclosure judgment under *Townsend*, ordering immediate turnover of the property, can support an argument for applying the general equitable balancing test used for stays of injunctions pending appeal as stated in *Hilton v. Braunskill*, 481 U.S. 770 (1987). The issue in *Hilton* was the release, pending a warden's appeal, of a state prisoner who had won a writ of habeas corpus. The Supreme Court drew on the general standards for stays of injunctions pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 776; see also *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (discussing *Hilton* standard as applied to immigration removal order). Under that standard, a party seeking a stay and a court considering the issue must dive quickly and deeply into the merits of the appeal.

If that standard applied to a mortgage foreclosure appeal, then appellant-debtors would face a burden that few other appellants face in appeals over secured loans. After years of litigation and preliminaries, the appellant-debtors in mortgage foreclosure appeals would need to make critical choices, under great time pressure, about how to argue the merits of their appeal. The appellate court would need to make comparable efforts to learn the merits of the case to decide an emergency motion. We make such efforts when we need to, of course, but it is not the most desirable or reliable procedure for evaluating the merits of an appeal. And stakes can be high.

At the core of a foreclosure judgment is a judgment simply ordering the borrower to repay a money debt. Stays pending appeal for money judgments were governed by Rule 62(d) (2017), which provided for an *automatic* stay pending appeal if the appellant posted sufficient security. "A judgment creditor holds a general, unsecured debt." *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d

794, 800 (7th Cir. 1986) (Easterbrook, J., concurring). A party taking an appeal from such a money judgment was ordinarily entitled to a stay as a matter of right if she posted a bond to protect the rights of the appellee. Fed. R. Civ. P. 62(d) (2017); *American Manufacturers Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers, staying enforcement of state-court judgment).

If the bond was posted, then, there was no need for the court to inquire, at the very outset of the appeal, into its potential merits. Execution was stayed as a matter of right, not judicial discretion. *Id.*; *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (issuing writ of mandamus to district court to stay execution of declaratory judgment having effect of money judgment after bond had been posted); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) ("Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond."); *Northern Indiana Public Service Co. v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986) (appellant from money judgment must post a bond if it wants "automatic stay" under Rule 62(d) before 2018 amendment); *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (posting bond entitles appellant to stay under Rule 62(d) before amendment, but district court also had discretion to stay execution under other conditions to secure interests of appellee); *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) [before amendment] entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."); see also 11 Wright & Miller, *Federal Practice and Procedure* § 2905 (2012). In such cases, the stay of execution pending appeal simply did not depend on the district court's or the appellate court's early evaluation of the appellant's prospects of success in the appeal.

In the case of a mortgage foreclosure, the execution to put money in the lender's pocket should actually be simpler than with a general money judgment. The difference is that the lender already has its security interest in the mortgaged property. That security interest should ordinarily suffice to protect the lender's rights pending appeal for purposes of Rule 62. That's what the lender bargained for as its security, after all, but on the conditions that the interest remains protected by, for example, payment of insurance and property taxes, and that the property is being cared for. Under the pre-2018 version of Rule 62, we recognized, there might be unusual cases where district courts or this court should exercise their discretion, as discussed in *Olympia Equipment Leasing*, 786 F.2d at 796, to impose additional conditions on a stay pending appeal, but this case did not appear unusual in this respect.

In *HSBC Bank v. Townsend*, we held that a judgment of foreclosure applying Illinois law was not a final, appealable judgment. The foreclosure decision left three

factors unresolved there: (1) the owner retained statutory rights to redeem or reinstate the mortgage before a sale; (2) if a sale occurred, it would still need to be confirmed by the court; and (3) the amount of any deficiency judgment could not be determined until the sale had been held and confirmed. The rule of *HSBC Bank v. Townsend* means an appeal would have to await a district court order confirming the results of a judicially-ordered sale of the property. 793 F.3d at 777. In other words, a property owner facing foreclosure and unhappy creditors cannot obtain appellate review of the merits of the underlying judgment until the case has proceeded to a court-ordered auction and the court has approved the result of the auction. At that late stage, a buyer could be ready to take possession of the property, though the interests of that buyer may be less pressing where the buyer is the lender itself (as in this case) or someone acting in concert with the lender.

*Townsend* has important practical consequences that show up in cases like this one, both for the parties and for the courts. Because of *Townsend*, debtor-appellant Cornish could no longer appeal at all, on *any* issue—including the money judgment on the underlying debt for which a stay pending appeal should have been automatic— until after the district court approved the sale of her home. That last order introduced the injunctive elements into the judgment: it directed the sheriff to evict Cornish, perhaps as soon as thirty days after entry of the order. Further, the sale and delivery of real property to a good-faith purchaser can render moot at least the portion of the judgment ordering and approving the sale. See *Townsend*, 793 F.3d at 780; *FDIC v. Meyer*, 781 F.2d 1260, 1263 (7th Cir. 1986). Without a stay, which would have been essentially automatic in an appeal of the underlying judgment on the debt before *Townsend*, Cornish would likely have been evicted in a matter of days without any meaningful opportunity to present her arguments to this court.

In *Townsend* itself, we acknowledged the obvious: a foreclosure and judicial sale pose a great potential for irreparable harm to the appellant-debtor. We concluded, however, that adequate protections, including a stay of a later judgment confirming the sale, would be available so that immediate review of the interlocutory order was not necessary. 793 F.3d at 779–80. Our opinion in *Townsend* clearly implied that stays pending appeals in foreclosure cases should be routine to prevent the irreparable harm of losing one's home. That's why *Townsend* avoided the doctrine of *Forgay v. Conrad*, 47 U.S. (6 How.) 201 (1848), which could otherwise authorize an interlocutory appeal of an order directing immediate delivery of physical property. 793 F.3d at 779–80 ("a mortgagor-owner *who is residing in the property and taking care of it* should not face the kind of immediate irreparable harm required by *Forgay* until there is time to file an appeal and to seek a stay of the final order confirming the judicial sale") (emphasis added). The *Townsend* dissent made that point explicit, saying that under the majority's

approach, stays pending appeals in mortgage foreclosures should be granted "routinely." 793 F.3d at 783 (Hamilton, J., dissenting).

In weighing these competing arguments for the applicable standard on an emergency basis in July 2018, a majority of this motions panel decided to issue the stay in this case. We favored the view that stays should be the norm, at least unless the lender-appellee could show that preserving its interest in the underlying property would not provide sufficient security pending appeal.

B. *The 2018 Versions of Rules 62 and 8*

The 2018 amendments to Civil Rule 62 and conforming amendments to Appellate Rule 8 reinforce making a stay pending appeal the norm in mortgage foreclosure cases. We focus primarily on the amendments to Rule 62, which were substantive and also reorganized the rule. Here is the new text of Rule 62(a)–(d):

> Rule 62. Stay of Proceedings to Enforce a Judgment
>
> (a) AUTOMATIC STAY. Exceptions for Injunctions, Receiverships, and Patent Accountings. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
>
> (b) STAY BY BOND OR OTHER SECURITY. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or security.
>
> (c) STAY OF AN INJUNCTION, RECEIVERSHIP, OR PATENT ACCOUNTING ORDER. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
> (1) an interlocutory or final judgment in an action for an injunction or receivership; or
>
> (2) a judgment or order that directs an accounting in an action for patent infringement.
>
> (d) INJUNCTION PENDING AN APPEAL. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify,

restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:

(1) by that court sitting in open session; or

(2) by the assent of all its judges, as evidenced by their signatures.

The advisory committee notes provide a helpful explanation for the 2018 amendments. The amendments eliminate the somewhat dated reference in former Rule 62(d) to a "supersedeas bond." The notes also "make clear that a party may obtain a stay by posting a bond or other security." Most important for our purposes: "The new rule's text makes explicit the opportunity to post security in a form other than a bond." Given that explicit flexibility, continuing an existing security interest in the property that a lender required as a condition of the loan should provide adequate security in most cases, at least so long as the property is cared for and protected by insurance and payment of property taxes.

At the same time, the 2018 amendments also make clearer that courts have the power to provide sufficient security for appellees, along the lines we recognized in *Olympia Leasing Equipment*, if the usual forms of security are not sufficient or appropriate for some reason. See 786 F.2d at 796. The 2018 advisory committee note explains that the amended rule "expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay," including to address "a risk that the judgment debtor's assets will be dissipated."

Under the new version of Rule 62, the newly expressed flexibility for the form of security to protect the appellee gives more explicit support for treating the property in a mortgage foreclosure appeal as sufficient security, at least as long as the property is occupied and cared for. See also *HSBC Bank v. Townsend*, 793 F.3d at 780. And since the amended rule no longer provides completely automatic stays, it allows the courts flexibility to protect a lender-appellee who needs protection from risks that would dissipate the property or otherwise undermine the security it provides. Under the new rules, courts should be able to balance fairly the appellant-debtor's appeal rights with the lender-appellee's right to security pending appeal.

*Conclusion*

Under the 2018 amendments to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, in appeals from mortgage foreclosure judgments governed by our rule of finality in *HSBC Bank USA v. Townsend*, 793 F.3d 771, a majority

of this panel concludes that the norm should be a stay pending appeal, absent unusual circumstances showing that the security interest in the underlying property does not provide sufficient protection for the lender-appellee.

For these reasons, we granted the stay pending appeal in this case.

St. Eve, *Circuit Judge*, dissenting. I agree with my colleagues that borrowers appealing from a final foreclosure judgment can face real loss without a stay. But I disagree about how to resolve Tracy Cornish's motion. I respectfully dissent.

There are two relevant ways to obtain a stay pending appeal. The most common is through an exercise of sound judicial discretion, for federal courts generally have the inherent authority to issue a stay of orders or proceedings. *See, e.g., Ryan v. Gonzales*, 568 U.S. 57, 73–74 (2013); *Nken v. Holder*, 556 U.S. 418, 433–34 (2009); *see also* Fed. R. Civ. P. 62(g); Fed. R. App. P. 8(a). Rule 62(d) of the pre-2018 amendments to the Federal Rules of Civil Procedure, however, also allowed that an "appellant may obtain a stay by supersedeas bond." This rule, as the majority explains, generally applied to appeals of money judgments. Of these two standards—one dependent on judicial discretion, the other on an appellate bond—the former should have governed Cornish's motion. That motion asked for temporary relief from the court order approving sale (to "stay possession" of the home), not relief from a money judgment (the post-foreclosure deficiency in this case lies in rem). Whatever interest a lender has in a foreclosed piece of property, it seems a stretch to liken it to a bond.

The general standard for issuing a stay pending appeal is well established. Courts must consider the likelihood of success, the irreparable harm, the potential injury, and the public interest. *Nken*, 556 U.S. at 434; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The likelihood of success is critical. *Nken*, 446 U.S. at 434–35; *Frank v. Walker*, 769 F.3d 494, 495–96 (7th Cir. 2014) (per curiam). But Cornish's motion showed no path to victory, even construing it liberally. She cited the *Rooker-Feldman* doctrine and res judicata, yet there was no preclusive state-court decision or judgment: the dismissal was for want of prosecution, and Deutsche Bank refiled its claim in federal court within the applicable statute of limitations. Because Cornish showed no likelihood of success, I dissented from the majority's order on July 16, 2018.

Since then, amendments to Rule 62 took effect on December 1, 2018. Former Rule 62(d) became Rule 62(b), and it now states that "a party may obtain a stay by providing a bond *or other security*." Fed. R. Civ. P. 62(b) (emphasis added); *see also* Fed. R. App. P. 8(a) (corresponding changes included). The Committee Notes to the 2018 amendments explain that the "new rule's text makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62, Committee Notes on Rules—2018 Amendment.

The majority asks whether, under new Rule 62(b), a lender-appellee's post-foreclosure interest in a property is a sufficient "security" to generally warrant a stay, and it answers in the affirmative. I do not know why we are asking the question at all. The majority has, after all, already granted Cornish's motion. Even if the amendments

have retroactive effect—a likely possibility, as the order issuing the amendments states that they should govern pending proceedings "insofar as just and practicable"—I fail to see how we can (or why we should) retroactively apply new rules to an already-granted and uncontested motion. *See Diaz v. Shallbetter*, 984 F.2d 850, 853 (7th Cir. 1993) ("Amendments may or may not govern 'further proceedings' in pending cases," but the "just and practicable" standard and the Rules Enabling Act "say only that new acts in cases already on the docket ordinarily should conform to the new rules"). The Supreme Court has said that the retroactivity of amended rules "ordinarily depends on the posture of the particular case." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 275 n.29 (1994). The posture of Cornish's motion is that it has been decided, with only the promise of a short order explaining the initial decision to follow. The stay is in place indefinitely. No party has asked us to reconsider it.

I have another discomfort with the majority's order. It proposes a new standard for these often-made motions, which, if ever made precedential by our court, would bind parties' rights to property and money on appeal. But it does so without the benefit of any argument from the parties. Perhaps that would be palatable if the new Rule 62(b) clearly dictated the majority's result, but it does not. Rule 62(b), for example, contemplates that the party seeking a stay will "provid[e]" a bond or other security. Fed. R. Civ. P. 62(b). Cornish, on the other hand, simply lost the foreclosure suit below. The purpose of Rule 62(b), moreover, is to protect the appellee's rights during appeal. As the majority recognizes, post-foreclosure interest in a property may well not provide that protection if taxes go unpaid, upkeep is not met, and the person living in the home continues not to pay for it—all while the lender's contractual right to take possession is put on ice during appeal. Those are some reasons that Rule 62(b) may not be satisfied by a final foreclosure order. There may well be others. The majority, again, strikes new ground based on a new rule and an unopposed, pro se motion.

I disagreed with the majority's interpretation under the former Rule 62. I see no reason to pick a side on its interpretation under the new Rule 62. I therefore dissent.